Teresa V. HERRERA, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.

No. 05–16341.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Teresa V. Herrera, San Francisco, CA, pro se.

Alex Tse, Office of the U.S. Attorney, CA, Mary P. Parnow Fax, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Teresa V. Herrera appeals the District Court's order affirming the Social Security Administration Commissioner's decision denying her application for disability benefits under Title II of the Social Security Act.

A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir.2001). The Commissioner's decision may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Id.* "Substantial evidence means more than

a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989) (internal quotation marks omitted).

Here, the Commissioner's determination was based on substantial evidence, including the opinion of a testifying medical expert and other evidence in the record supporting that opinion. *See Andrews v. Shalala,* 53 F.3d 1035, 1041–42 (9th Cir. 1995) (stating that testifying medical expert's opinion, when coupled with other supporting evidence, may serve as requisite substantial evidence to uphold Commissioner's decision).

■ Furthermore, the Administrative Law Judge ("ALJ") committed no error in considering the opinions of Ms. Herrera's treating physicians. To the extent that either of her treating physicians opined that she was disabled as of the date she was last insured, these opinions were purely retrospective and conflicted with other substantial medical evidence in the record. *See Johnson v. Shalala,* 60 F.3d 1428, 1433 (9th Cir.1995); *Magallanes v. Bowen,* 881 F.2d at 754.

■ Finally, Ms. Herrera's complaint that the District Court failed to consider the tape-recorded hearing before the ALJ is groundless. The record shows that the District Court was provided with a transcript of the hearing. Accordingly, the District Court committed no error in its consideration of the arguments and testimony presented at the hearing.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.